# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# Charlotte DIVISION
# DOCKET NO. 3:19-cr-00141-FDW-DCK

| | |
|---|---|
| USA, | ) |
|        **Plaintiff,** | ) |
| vs. | )    **ORDER** |
| Jose Aguirre-Cuenca, | ) |
|        **Defendant.** | ) |

THIS MATTER is before the Court on Defendant's Objection (Doc. No. 35) to the Magistrate Judge's Memorandum and Recommendation (Doc. No. 23). Defendant seeks review of the Magistrate Judge's Memorandum and Recommendation regarding Defendant's Motion to Suppress Physical and Testimonial Evidence. (Doc. No. 20).

For the reasons that follow, the Magistrate Judge's Memorandum and Recommendation is AFFIRMED, Defendant's Objection to the Memorandum and Recommendation is OVERRULED, and Defendant's Motion to Suppress is GRANTED IN PART and DENIED IN PART.

**I.  BACKGROUND**

Defendant was charged in a two-count indictment on May 22, 2019. See (Doc. No. 1). Count One charged Defendant with Unlawful Possession of a Firearm by an Alien under 18 U.S.C. §922(g)(5)(A). Id. at p. 1. Count Two charged Defendant with Illegal Reentry by an Alien under 8 U.S.C. §1326(a). In Defendant's Objections to the Memorandum and Recommendation, Defendant does not dispute the Magistrate Judge's discussion of pertinent facts, but instead disputes the proposed conclusion of law that the physical evidence was not obtained illegally and is therefore admissible. (Doc. No. 35, p. 1). Accordingly, the Court ADOPTS and incorporates by reference Section II of the Memorandum and Recommendation.

In his Motion to Suppress (Doc. No. 20), Defendant seeks to "suppress [the] physical and testimonial evidence" obtained during an interaction with law enforcement officers on April 20, 2019. (Doc. No. 20, pp. 1, 8). Defendant's argument is two-tiered. The first tier of his argument is based on Officer Tran-Thompson's failure to turn on his Body-Worn Camera ("BWC") prior to interacting with Defendant. (Doc. No. 20, p. 3). Officer Tran-Thompson's failure with respect to the BWC, Defendant contends, was a failure made in bad faith under <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1998), and such bad faith action requires this Court to exclude the Officer's testimony and strongly infer such testimony would be contradicted by any properly captured video. <u>Id.</u> at pp. 4, 6. The second tier of Defendant's argument flows from the first: because Officer Tran-Thompson's failure to activate his BWC was a bad faith failure, this Court must disregard his testimony and find that Officer Tran-Thompson *ordered* Defendant out of the car, which was an unlawful seizure under the Fourth Amendment due to lack of probable cause or reasonable suspicion. <u>See</u> <u>id.</u> pp. 4-8. Therefore, all evidence obtained therefrom must be suppressed. <u>Id.</u> at p. 8.

In his Memorandum and Recommendation, the Magistrate Judge addressed Defendant's arguments.[1] With respect to the first argument, the Magistrate Judge determined Officer Tran-Thompson did not act in bad faith when he failed to activate his BWC. (Doc. No. 34, p. 10). The Magistrate Judge concluded that Defendant "provided no evidence to suggest that Officer Tran-Thompson failed to activate his BWC in an attempt to hide evidence or intentionally to gain a tactical advantage." <u>Id.</u> at p. 12. Next, the Magistrate Judge credited Officer Tran-Thompson's testimony as credible, concluded that Defendant was not ordered out of the car, and the subsequent pat-down, which revealed the magazine, constituted a permissible <u>Terry</u> frisk. <u>Id.</u> at

---

[1] Defendant only made two explicit arguments in his Motion for Suppression, (Doc. No. 20), but at the motion hearing, he also argued for suppression of the inculpatory statements he made because he was not properly Mirandized. (Doc No. 35-1, pp. 102-06).

2

Case 3:19-cr-00141-FDW-DCK   Document 38   Filed 10/22/20   Page 2 of 7

pp. 14-15. The Magistrate Judge then determined that upon finding the magazine on Defendant's person, law enforcement had probable cause to search Defendant's vehicle wherein they discovered Defendant's firearm. Id. at p. 17. Finally, the Magistrate Judge concluded that Defendant was not read his Miranda rights, and recommended all testimonial statements made by Defendant at the scene be suppressed. Id. at p. 19.

Defendant timely filed his objection, arguing that the Magistrate Judge improperly concluded Officer Tran-Thompson was credible. (Doc. No. 35, p. 8). As such, Defendant argues he was improperly ordered out of the car, and all evidence obtained should be suppressed. Id.

## II. STANDARD OF REVIEW

A district court may refer a motion to suppress to a magistrate judge for a recommendation pursuant to Federal Rule of Criminal Procedure 59(b)(1). See Fed. R. Crim. P. 59(b)(1). A party may file written objections to magistrate judge's memorandum and recommendation within fourteen days of being served with a copy of the memorandum and recommendation. 28 U.S.C § 636(b)(1). "'Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.'" Morgan v. N.C. Dep't of Health and Human Servs., 421 F. Supp. 2d 890, 893 (W.D.N.C. 2006) (emphasis in original) (quoting Thomas v. Westinghouse Savannah River Co., 21 F. Supp. 2d 551, 560 (D.S.C. 1997)); see also Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) ("[P]arties filing objections must specifically identify those findings objected to.") (quotation omitted). "Frivolous, conclusive or general objections need not be considered by the district court." Battle, 834 F.2d at 421 (quotation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D.

3

Mich. 2004). Thus, "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id.; see also Jones v. Hamidullah, No. 2:05-2736-PMD-RSC, 2005 WL 3298966 at *3 (D.S.C. Dec. 5, 2005) (noting a petitioner's objections to a magistrate judge's report "on the whole without are merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]"). General or conclusory objections result not only in the loss of de novo review by the district court but also in waiver of appellate review. Tyler v. Beinor, 81 F. App'x 445, 446 (4th Cir. 2003) (per curiam); United States v. Woods, 64 F. App'x 398, 399 (4th Cir. 2003) (per curiam). If proper objections are made, a district court will review the objections under a de novo standard. 28 U.S.C. § 636(b)(1). Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### III. DISCUSSION

At the outset, the Court notes that Defendant's Objections to Memorandum and Recommendation appears to largely be copied and pasted from his initial Motion to Suppress. Compare (Doc. No. 20) with (Doc. No. 35). As such, it is difficult for this Court to glean the specific findings of the Memorandum and Recommendation to which Defendant objects beyond the determination that Officer Tran-Thompson is credible. See (Doc. No. 35, p. 8). Accordingly, this Court will conduct *de novo* review of Officer Tran-Thompson's credibility and will review the remainder of the Memorandum and Recommendation for clear error.

#### A. Defendant's Objection to the Credibility Determination

4

Defendant objects to the Magistrate Judge's determination that Officer Tran-Thompson is a credible witness. In reaching this determination, the Magistrate Judge explained that Officer Tran-Thompson's testimony was "consistent" with that of the other officers who testified and that "logical inferences made from the evidence sufficiently corroborate Officer Tran-Thompson's testimony." (Doc. No. 34, p. 15). Specifically, the Magistrate Judge pointed to Officer Tran-Thompson's testimony indicating that he saw Defendant "reach down behind the passenger seat" while he was in his car and that Officer Michal corroborated Officer Tran-Thompson's version of events even though Defendant claimed he "did not move at all" when Officer Tran-Thompson approached his vehicle. Id. Defendant does not take issue with these specific findings; he instead argues Officer Tran-Thompson is not credible because he "decid[ed] not to activate" his BWC and because his testimony is contradicted by the government's motion. (Doc. No. 35, pp. 3, 8). Defendant asserts Officer Tran-Thompson decided not to activate his BWC, and because he had been using the equipment for roughly one year, this decision was "not 'in good faith and in accord with [CMPD's] normal practice.'" Id. at 5.

Defendant's conclusory allegation that Officer Tran-Thompson must have been acting in bad faith because he failed to activate his BWC is not supported by Arizona v. Youngblood, 488 U.S. 51, 109 S. Ct. 333, 102 L. E. 2d 281 (1998), nor is it supported by the record. Youngblood held that "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process." Id. at 58. Bad faith can be shown when the "police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." Id. Such bad faith "must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Id. at 56, n.*. Defendant has presented no evidence that Officer Tran-Thompson knew of any

5

exculpatory value held by the unrecorded events. Indeed, Officer Tran-Thompson's testimony makes clear he did not believe the scene involved any criminal activity upon arrival. (Doc. 35-1, pp. 40-41). As such, this Court cannot conclude Officer Tran-Thompson acted in bad faith when he failed to activate his BWC; thus, Defendant's argument that Officer Tran-Thompson is not credible because he acted in bad faith fails.

A careful review of the record also reveals that Officer Tran-Thompson's testimony was consistent, notwithstanding Defendant's argument to the contrary. Defendant correctly points out the Government's Opposition Motion indicates that Officer Tran-Thompson "instructed [Defendant] to exit the vehicle."[2] (Doc. No. 23, p. 2). However, Officer Tran-Thompson testified at the hearing that Defendant voluntarily exited his vehicle. (Doc. No. 35-1, p. 12). This testimony is corroborated by the Officer's written report where he stated, "the suspect exited the vehicle" while Officer Tran-Thompson was "walk[ing] along the passenger side." (Doc. No. 20, p. 2). Officer Tran-Thompson further corroborated his own testimony on cross-examination when Defense Counsel specifically asked about the Government's factual account; Officer Tran Thompson explained that he did not believe he "instructed" the Defendant to exit the vehicle based on his initial written report. (Doc. No. 35-1, p. 40). Moreover, other portions of Officer Tran-Thompson's testimony are corroborated by testimony by Officer Michal, see (Doc. No. 35-1, p. 53) ("Officer Tran said [the defendant] was messing around with something towards the center of the vehicle."), and by Defendant himself. Compare (Doc. No. 35-1, p. 79) with (Doc. No. 35-1, p. 13) (confirming Officer Tran-Thompson's suspicion that Defendant was inebriated). Accordingly, upon *de novo* review, this Court finds Officer Tran-Thompson is a credible witness

---

[2] At the hearing, the Government's counsel admitted this factual characterization was likely a mistake as he "wrote the response before [he] spoke with the officer in person," and he may have been "confused." (Doc. No. 35-1, p. 84).

6

and Defendant's Objection to the Memorandum and Recommendation on this point is OVERRULED.

### B. Clear Error Review

As noted above, the only specific objection raised in Defendant's Objection to Memorandum and Recommendation concerns the Magistrate Judge's conclusion that Officer Tran-Thompson was a credible witness. See (Doc. No. 35). The Magistrate Judge's remaining conclusions—that Officer Tran-Thompson conducted a lawful Terry frisk on Defendant after Defendant exited the vehicle, that there was probable cause to search the vehicle, and that Defendant was not properly given his Miranda rights once in custody—are reviewed for clear error. Having closely reviewed the Memorandum and Recommendation, the Court finds no clear error. Accordingly, this Court AFFIRMS the Magistrate Judge's Memorandum and Recommendation.

### IV. CONCLUSION

Accordingly, for the foregoing reasons, the Magistrate Judge's Memorandum and Recommendation (Doc. No. 23) is AFFIRMED, Defendant's Objection to the Memorandum and Recommendation (Doc. No. 35) is OVERRULED, and Defendant's Motion to Suppress Physical and Testimonial Evidence (Doc. No. 20) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

_____
Frank D. Whitney
United States District Judge